UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALKA F. GREENFELD, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br><br><br>   -v.-<br><br><br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25,<br><br>                       Defendants. | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Malka F. Greenfeld (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.    Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 5817 21st Ave, Brooklyn, NY 11204-2006.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address of 350 Camino De La Reina, Suite 300, San Diego, California 92108 and an address for service c/o their registered agent Corporation Service Company 80 State Street, Albany, NY 12207-2543.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individual consumers with addresses in the State of New York;

    b. to whom Defendant MCM sent a collection letter attempting to collect a consumer debt;

    c. regarding collection of a debt;

    d. that contained deceptive threats of legal action;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to May 7, 2019, an obligation was allegedly incurred by Plaintiff.

22. The alleged obligation arose out of a transaction involving an alleged debt incurred by Plaintiff with Capital One, N.A. in which Plaintiff used the Capital One, N.A. funds for purchases which were primarily for personal, family or household purposes.

23. The alleged Capital One, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Capital One N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Defendant MCM, a debt collector and subsequent owner of the Capital One obligation, is collecting the alleged debt.

### *Violation – May 7, 2019 Collection Letter*

26. On or about May 7, 2019, Defendant sent the Plaintiff a written communication (the "Letter") seeking to collect the alleged debt. See Letter attached hereto as Exhibit A.

27. The Letter contains a heading at the top of the letter which states "PRE-LEGAL NOTIFICATION," implying that legal action is imminent.

28. This language implies that the legal process of a lawsuit has been set in motion, by the use of the phrase "pre-legal," which connotes that this account is in an early step of the legal process, when in reality, the account is nowhere near a lawsuit.

29. Later on, the letter reads "Midland Credit Management, Inc. wants to work with you to resolve the above-referenced account. This letter is to inform you that MCM is considering forwarding this account to an attorney in your state for possible litigation. Please respond by calling 877-654-1129 no later than 5/22/2019. If we don't hear from you or receive payment, MCM may proceed with forwarding this account to an attorney."

30. The letter is deceptive by threatening litigation if the consumer does not contact the Defendant, when the Defendant had no intention of commencing legal action even if they did not hear from the consumer by 5/22/2020.

31. In fact, after no response by the consumer, Defendant sent a subsequent letter on June 7, 2019 with a similar threat to start litigation if the consumer did not respond by 7/7/2019.

32. The Defendant clearly never intended to commence litigation and used deceptive threatening language to frighten the consumer, as evidenced by its lack of action after the 5/22/2019 deadline had passed and the subsequent letter of another attempt at collection without using legal action.

33. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant violated §1692e(2) by falsely representing the character and legal status of the debt, implying that a lawsuit was pending against Plaintiff

38. Defendant violated §1692e(5) by falsely threatening legal action when they had no intention of suing Plaintiff as even after the deadline to respond had passed, she had still not been sued on the debt.

39. Defendant violated said section by making a false and misleading representation in violation of §1692e(10).

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

44. Defendant violated this section by deceptively threatening litigation when it had not intended to start litigation.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Malka F. Greenfeld, individually and on behalf of all others similarly situated demands judgment from Defendant MCM as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
May 6, 2020

                                                        /s/ Raphael Deutsch
                                                        By: Raphael Deutsch, Esq.
                                                        Stein Saks, PLLC

285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Attorneys for Plaintiff

Case 1:20-cv-02079-MKB-CLP Document 1 Filed 05/06/20 Page 10 of 10 PageID #: 10